# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SHONTAA RANDOLPH | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| | ) | CIVIL RIGHTS |
| City of Chicago, and Chicago Police | ) | |
| Officers Timothy Loring, Star No. 4769, | ) | |
| D. Meeks, Star No. 16730, Sylwia | ) | **JURY DEMANDED** |
| Rejman, Star No. 4502, Erik Haney, Star | ) | |
| No. 3591, Ryan McCarthy, Star No. 6750, | ) | |
| David Taylor, Star No. 18525, | ) | |
| | ) | |
| Defendants. | ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Shontaa Randolph ("Randolph") was within the jurisdiction of this court.

4. At all times herein mentioned, Chicago Police Officer Timothy Loring, Star No. 4769 ("Loring") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Chicago Police Officer D. Meeks, Star No. 16730 ("Meeks") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, Chicago Police Officer Sylwia Rejman, Star No. 4502 ("Rejman") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned, Chicago Police Officer Erik Haney, Star No. 3591 ("Haney") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

8. At all times herein mentioned, Chicago Police Officer Ryan McCarthy, Star No. 6750 ("McCarthy") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

9. At all times herein mentioned, Chicago Police Officer David Taylor, Star No. 18525 ("Taylor") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

10. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

**FACTUAL ALLEGATIONS**

11. On or about March 10, 2018, Plaintiff was lawfully located near 4029 W. Congress Parkway in the City of Chicago, County of Cook, State of Illinois.

12. On that day and place Defendants did not possess a warrant to arrest Plaintiff.

13. On that day and place Defendants caused Plaintiff to be seized.

14. Defendants did not possess legal cause to seize Plaintiff.

15. After his seizure Plaintiff was subjected to a custodial arrest.

16. Defendants did not possess legal cause to subject Plaintiff to custodial arrest.

17. After his custodial arrest Defendants caused Plaintiff to be charged with eight felonies.

18. Defendants did not possess any information that Plaintiff had committed any crimes.

19. Plaintiff appeared in court to defend himself against the felony charges that were initiated and/or continued by Defendants.

20. On or about March 25, 2019, six of the felony charges against Plaintiff were voluntarily dismissed via a "nolle pros" by the Cook County State's Attorney.

21. On or about March 28, 2019, Plaintiff was found not guilty of the remaining charges.

22. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

23. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the

awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

24. By reason of the above-described acts and omissions of Defendants Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff against Defendants Loring, Rejman, Haney, McCarthy, Taylor, and Meeks for UNREASONABLE SEIZURE

25. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

26. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

27. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) the seizure of Plaintiff's person was not supported by any legal cause. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff against Defendants Loring, Rejman, Haney, McCarthy, Taylor, and Meeks for UNREASONABLE PRETRIAL DETENTION

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

29. Defendants subjected Plaintiff to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause.

30. Defendants did not have probable cause to believe Plaintiff had committed an offense or cause him to be subjected to any pretrial restriction of his liberty.

31. Defendants knew that Plaintiff's arrest, detention, and criminal prosecution were based solely upon Defendants' false allegations that Plaintiff had committed a crime.

32. The criminal charges Defendants initiated against Plaintiff terminated in Plaintiff's favor when several were voluntarily dismissed, and he was found not guilty of the remaining charges on March 28, 2019.

33. As a result of the foregoing, Plaintiff has sustained damage.

34. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

35. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) Causing Plaintiff to be subjected to pretrial detention that restrained his liberty, without any probable cause for the detention, was in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiffs Against Defendants Loring, Rejman, Haney, McCarthy, Taylor, Meeks, and the City of Chicago For
### MALICIOUS PROSECUTION

36. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully alleged at this place.

37. Defendants Loring, Rejman, Haney, McCarthy, Taylor, and Meeks, who were employed by the City of Chicago maliciously commenced and/or caused to be continued legal proceedings against Plaintiff alleging that he had committed one or more crimes.

38. Defendants Loring, Rejman, Haney, McCarthy, Taylor, and Meeks initiated, facilitated, and/or continued this malicious prosecution by authoring false police reports, and/or preparing and/or signing a false complaint for the purpose of causing the initiation or continuation of legal proceedings against Plaintiff.

39. On or about March 25 and March 28, 2019, the legal proceedings terminated in Plaintiff's favor when most charges against him were voluntarily dismissed and he was found not guilty of the remaining charges.

40. As a result of Defendants Loring, Rejman, Haney, McCarthy, Taylor, and Meeks initiating and/or continuing these baseless legal proceedings Plaintiff was injured emotionally and otherwise.

41. The City of Chicago is liable to Plaintiff for the acts of Defendants Loring, Rejman, Haney, McCarthy, Taylor, and Meeks pursuant to the doctrine of *respondeat superior*.

42. Therefore, Defendants Loring, Rejman, Haney, McCarthy, Taylor, Meeks and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That Defendants Loring, Rejman, Haney, McCarthy, Taylor, and Meeks be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY:   s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:   s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com